———o———

## No. 4090

(Court of Appeal, Parish of Orleans.)

### CHARLES KOLWE vs. PAUL WADDELL.

1. The proprietor has the right to cancel at pleasure the bargain he has made by paying the undertaker for the expense and labor already incurred and such damages as the nature of the case may require.
2. Where it appears that the contract had not been completed at time of cancellation and the evidence does not show the value of the work up to that moment, the cause will be remanded to enable the plaintiff to make suitable proofs.

Appeal from Civil District Court, Division A.

Benjamin Ory, for plaintiff and appellee.

Chas. Schneidau, attorney for defendant.

W. W. Wall, for defendant and appellant.

DUFOUR, J. In consideration of the sum of $175.00 plaintiff agreed with defendant to fill certain lots on State Street "to engineer's grade as per stakes now set." He did some filling and was paid $50.00 on account, and he claims that, after he had completed the work, he was called on to put in a few more loads and that, when he attempted to comply with that demand, he was ordered to cease the work.

123

Hence, his suit for the balance of the contract price.

"The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require." R. C. C. 2765.

It is conclusively shown that the filling was not up to the grade and plaintiff cannot therefore recover the full amount of the contract price. He fails to show how many loads of filling he used, what they were worth, what labor and expense he incurred, and there is nothing in the testimony enabling us to determine, even approximately, the amount to which he may be entitled.

We shall afford him an opportunity of supplying the proof.

Judgment reversed and cause remanded to allow plaintiff to show the value of the work and the labor and expense incurred by him, the evidence in the record to remain without the necessity of being reoffered, the costs of appeal to be paid by plaintiff and those of the lower Court to await the final determination of the cause.